PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Name __DOSS_____ __STEVEN_____ __LEA_____
        (Last)                (First)              (Initial)

Prisoner Number __C-31229__

Institutional Address __CALIFORNIA STATE PRISON SOLANO, P.O. BOX 4000__
__VACAVILLE, CA 95696-4000__

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

__STEVEN LEA DOSS__
(Enter the full name of plaintiff in this action.)

vs.

__D. K. SISTO, WARDEN ET AL.,__

(Enter the full name of respondent(s) or jailor in this action)

Case No. __CV 08 2688 TEH (PR)__
(To be provided by the clerk of court)

PETITION FOR A WRIT
OF HABEAS CORPUS

Read Comments Carefully Before Filling In

When and Where to File

You should file in the Northern District if you were convicted and sentenced in one of these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

If you are challenging your conviction or sentence and you were not convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not in prison in one of these counties, your petition will likely be transferred to the district court for the district that includes the institution where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS                - 1 -

Who to Name as Respondent

You must name the person in whose actual custody you are. This usually means the Warden or jailor. Do not name the State of California, a city, a county or the superior court of the county in which you are imprisoned or by whom you were convicted and sentenced. These are not proper respondents.

If you are not presently in custody pursuant to the state judgment against which you seek relief but may be subject to such custody in the future (e.g., detainers), you must name the person in whose custody you are now and the Attorney General of the state in which the judgment you seek to attack was entered.

## A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

1. What sentence are you challenging in this petition?

    (a) Name and location of court that imposed sentence (for example; Alameda County Superior Court, Oakland):

ALAMEDA COUNTY SUPERIOR COURT     OAKLAND, CA

Court                               Location

    (b) Case number, if known __71100__

    (c) Date and terms of sentence __MAY 27, 1981__

    (d) Are you now in custody serving this term? (Custody means being in jail, on parole or probation, etc.)    Yes _X_    No ____

Where?

Name of Institution: CALIFORNIA STATE PRISON SOLANO

Address: P.O. BOX 4000, VACAVILLE, CA 95696

2. For what crime were you given this sentence? (If your petition challenges a sentence for more than one crime, list each crime separately using Penal Code numbers if known. If you are challenging more than one sentence, you should file a different petition for each sentence.)

KIDNAP FOR ROBBERY CAL PENAL CODE §209: PETITIONER IS CHALLENGING THE 2006 DENIAL OF PAROLE

(Left margin stamp: HEARINGS)

| | | | |
|---|---|---|---|
| 1 | 3. Did you have any of the following? | | |
| 2 | Arraignment: | Yes _X_ | No ____ |
| 3 | Preliminary Hearing: | Yes _X_ | No ____ |
| 4 | Motion to Suppress: | Yes ____ | No _X_ |

5. 4. How did you plead?

6.     Guilty ____   Not Guilty ____   Nolo Contendere _X_

7.     Any other plea (specify) _____

8. 5. If you went to trial, what kind of trial did you have?

9.     Jury ____    Judge alone ____    Judge alone on a transcript ____

10. 6. Did you testify at your trial?   Yes ____   No ____

11. 7. Did you have an attorney at the following proceedings:

| | | | | |
|---|---|---|---|---|
| 12 | (a) | Arraignment | Yes _X_ | No ____ |
| 13 | (b) | Preliminary hearing | Yes _X_ | No ____ |
| 14 | (c) | Time of plea | Yes _X_ | No ____ |
| 15 | (d) | Trial | Yes ____ | No ____ |
| 16 | (e) | Sentencing | Yes _X_ | No ____ |
| 17 | (f) | Appeal | Yes ____ | No ____ |
| 18 | (g) | Other post-conviction proceeding | Yes ____ | No ____ |

19. 8. Did you appeal your conviction?   Yes ____   No _X_

20.     (a) If you did, to what court(s) did you appeal?

21.     Court of Appeal            Yes ____   No ____

22.     Year: _____    Result: _____

23.     Supreme Court of California   Yes ____   No ____

24.     Year: _____    Result: _____

25.     Any other court            Yes ____   No ____

26.     Year: _____    Result: _____

27.

28.     (b) If you appealed, were the grounds the same as those that you are raising in this

PET. FOR WRIT OF HAB. CORPUS       - 3 -

  petition?  Yes _____  No  X
  (c)  Was there an opinion?  Yes _____  No _____
  (d)  Did you seek permission to file a late appeal under Rule 31(a)?
        Yes _____  No  X

  If you did, give the name of the court and the result:

  _____

  _____

9. Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal?  Yes _____  No _____

[Note: If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition. You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28 U.S.C. §§ 2244(b).]

  (a)  If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding. Attach extra paper if you need more space.

  I.  Name of Court: _____

      Type of Proceeding: _____

      Grounds raised (Be brief but specific):

      a. _____

      b. _____

      c. _____

      d. _____

      Result: _____ Date of Result: _____

  II. Name of Court: _____

      Type of Proceeding: _____

      Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS         - 4 -

|   |   |   |
|---|---|---|
| 1 | | a._____ |
| 2 | | b._____ |
| 3 | | c._____ |
| 4 | | d._____ |
| 5 | | Result:_____ Date of Result:_____ |
| 6 | III. | Name of Court:_____ |
| 7 | | Type of Proceeding:_____ |
| 8 | | Grounds raised (Be brief but specific): |
| 9 | | a._____ |
| 10 | | b._____ |
| 11 | | c._____ |
| 12 | | d._____ |
| 13 | | Result:_____ Date of Result:_____ |
| 14 | IV. | Name of Court:_____ |
| 15 | | Type of Proceeding:_____ |
| 16 | | Grounds raised (Be brief but specific): |
| 17 | | a._____ |
| 18 | | b._____ |
| 19 | | c._____ |
| 20 | | d._____ |
| 21 | | Result:_____ Date of Result:_____ |

22  (b)  Is any petition, appeal or other post-conviction proceeding now pending in any court?

23  Yes  X    No____

24  Name and location of court: __CALIFORNIA STATE SUPREME COURT__

25  B. GROUNDS FOR RELIEF

26  State briefly every reason that you believe you are being confined unlawfully. Give facts to
27  support each claim. For example, what legal right or privilege were you denied? What happened?
28  Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

1 | need more space. Answer the same questions for each claim.
2 | [Note: You must present ALL your claims in your first federal habeas petition. Subsequent
3 | petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,
4 | 499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]
5 | Claim One: U.S. CONST. 14th AMEND. DUE PROCESS: NO EVIDENCE
6 | TO SUPPORT THE DENIAL OF PAROLE
7 | Supporting Facts: THERE WAS NO EVIDENCE PRESENTED AT THE 2006
8 | PAROLE HEARING TO SUPPORT THE BOARD'S DETERMINATION THAT
9 | PETITIONER WOULD POSE AN UNREASONABLE RISK OF DANGER TO THE
10 | PUBLIC IF RELEASED FROM PRISON
11 | Claim Two:
12 |
13 | Supporting Facts:
14 |
15 |
16 |
17 | Claim Three:
18 |
19 | Supporting Facts:
20 |
21 |
22 |
23 | If any of these grounds was not previously presented to any other court, state briefly which
24 | grounds were not presented and why:
25 |
26 |
27 |
28 |

PET. FOR WRIT OF HAB. CORPUS        - 6 -

1  List, by name and citation only, any cases that you think are close factually to yours so that they
2  are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning
3  of these cases:
4  ___PLEASE SEE ATTACHED SHEETS_____
5  _____
6  _____
7  Do you have an attorney for this petition?                     Yes____   No  X
8  If you do, give the name and address of your attorney:
9  _____

10  WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in
11  this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

13  Executed on ___May 20, 2008___            _____/s/ Steum_____
14              Date                              Signature of Petitioner

20  (Rev. 6/02)

PET. FOR WRIT OF HAB. CORPUS        - 7 -

# GROUND

## THE BOARD's DENIAL OF PAROLE BASED UPON THE DETERMINATION THAT PETITIONER WOULD POSE A CURRENT UNREASONABLE RISK OF DANGER TO PUBLIC SAFETY IS NOT SUPPORTED WITHIN THE RECORD; VIOLATING THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION; DUE PROCESS

### MEMORANDUM AND POINTS OF ATTHORITY

The Board does have great latitude in their decisions. But their decisions must be supported by some evidence within the record, " we have held that the Supreme Court ha [s] clearly established that a parole board's decision deprives a prisoner of due process with respect to this interest if the board's decision is not supported by 'some evidence' in the record, or is otherwise arbitrary." *Irons 505 F.3, AT 857,(quoting Hill, 472 U.S. at 457; Sass, 461 F. 3d. at 1128-29.)* "The test is not whether some evidence supports the reasons the [Board] cites for denying parole, but whether some evidence indicates a parolee's release unreasonably endangers public safety. Some evidence of a particular factor does not necessarily equate to some evidence the parolee's release unreasonably endangers public safety." *Lee, 143 Cal. App. 4th at 1408* (citations and footnotes omitted) See also *In re Elkins, 144 Cal. App. 4th 475, 499*( Cal. Ct. App. 2006)

California courts have made clear that the "findings that are necessary to deem a prisoner unsuitable for parole *Irons, 505 F.3d. at 857*,are not that a particular factor or factors indicating unsuitability exist, but that a prisoner's release will unreasonably endanger public safety." In re Dannenberg, 34 Cal. 4th at 1071, 23 Cal. Rptr. 3d. at421, 104 F.3d 783,*In re Lee 143 Cal. App. 4th 1400, 1408 (Cal. Ct. App. 2006). In re Scott, 133 Cal. App. 4th 573, 595 (Cal. Ct. App. 2005)*

See *Cal. Penal Code 3041 (b)* (providing that the Board shall set a release date unless consideration of the public safety requires a more lengthy period of incarceration for this individual") For our purpose, then [t]he test is not whether some evidence supports the reasons the [Board]cites for denying parole, but whether some evidence indicates a parolee's release unreasonably endangers public safety. The statute required to be considered, and the overarching consideration is public safety (citing Cal. Penal Code 3041(b)). The Board presented no evidence that Petitioner presents an unreasonable danger to public safety. The Board presented as evidence the commitment offense, which is more than twenty seven (27) years old and cannot be used as a reliable predictor of Petitioner's current or future dangerousness The Board also considered Petitioner's past criminal behavior and Petitioner's substance abuse, again those factors cannot be used as reliable evidence to support their determination that Petitioner poses a current unreasonable risk to public. In Petitioner's twenty seven years of custody, there have been no rules violation for any illegal substance or alcohol. Petitioner's current psychological evaluation rates his violence potential at low, And stated that he was an excellent candidate for parole.. Yet, the Board came to a separate and contrary conclusion, that Petitioner poses a current unreasonable risk of danger to the public Again there must be some evidence that is current and reliable to support the Board's conclusion.. Without such evidence the Board deprived Petitioner of the clearly held due process *Irons, 505 F.3d. at 857..*

Petitioner has served over the matrix term for first degree murder, Petitioner's offense was kidnap for robbery. The offense is serious but the gravity must be less than that of murder, yet Petitioner has served more time than most murderers. The highest term set in the Cal. Code of Regulations matrix for the offense of kidnap for robbery is sixteen years (16). Without serious misconduct, there can be no excuse for the length of time Petitioner has served. The sentencing

Judge stated that if Petitioner behaved well in prison, he would recommend that Petitioner be released at the earliest date. The Board has either disregarded the Judge's recommendation or failed to give that recommendation any consideration. That deprives Petitioner of the individualized consideration which is specified in Board regulations. *(Scott II, supra, Cal. App.4th at p. 596)*

The information the Board shall consider in there decision is clearly stated in Cal. Code of Regulations, tit. 15, section 2402 (b), all reliable and relevant information, the sentencing Judge's recommendation is very relevant when setting a term. Yet the Board based their decision on factors that numerous California Courts have ruled unreliable. The Board's decisions must be supported by some evidence and that evidence must be relevant and reliable. The Board has gone well beyond their limit of discretion in this decision

"While the Board need not recite every factor it considers in a parole hearing" it must at a minimum "acknowledge those circumstances that tend to bear on an inmate's suitability.*(Scott I, supra,110 Cal. App. 4th at p. 898)* . As in *Scott II*, "indifference to the [the] large body of evidence [showing stress under which the crime was committed] significantly distorts the nature and gravity of [the] offense and denies Petitioner the right to 'individualized consideration of all relevant factors' specified in the Board regulations. (Scott II, supra, 133 Cal. App. 4th at p. 596)

## CONCLUSION

When the record is reviewed, by this Court, there can be only one conclusion, that the Board's determination was not supported by any evidence that was reliable or relevant to the overarching concern of public safety. Petitioner has served well beyond the limits of the guidelines set forth in the regulations. This Court cannot let a decision based upon no evidence stand, with the

numerous recent court rulings addressing the "some evidence" The Board's decision must be supported by some evidence within the record, "..we have held that the Supreme Court ha[s] clearly established that a parole board's decision deprives a prisoner of due process with respect to this interest if the board's decision is not supported by "some evidence" in the record, or is otherwise arbitrary." *Irons, 505 F.3d at 857, (quoting Hill, 472 at 457; Saas, 461 F.3d at 1129-29)* "The test is not whether some evidence supports the reasons the [Board] cites for denying parole, but whether some evidence indicates a parolee's release unreasonably endangers public safety. Some evidence of a particular factor does not necessarily equate to some evidence the parolee's release unreasonably endangers public safety. " *Lee, 143 Cal.App. 4th at 1408 (citations and footnotes omitted) See also In re Elkins, 144 Cal. App. 4th 475, 499.*

PROOF OF SERVICE BY MAIL

I, Steven Lea Doss, certify that I am over the age of eighteen years, a resident of California State Prison Solano and a party to this action. That on this day, May 20, 2008 I served a true copy of the document: PETITION FOR WRIT OF HABEAS CORPUS to the person(s) hereinafter listed by placing said document in a postage paid envelope and placing that envelope in the United States Mail Box provided by C.S.P. Solano.

United States District Court
The Norther District of California
U. S. Courthouse
450 Golden Gate Avenue
San Francisco, CA 94102


I, Steven Lea Doss declare under the penalty of perjury that the foregoing is true and correct.

May 20, 2008

Steven Lea Doss C-31229
C.S.P. Solano
P.O. Box 4000
Vacaville, Ca 95696

Cler
Unite
norx
U.S.
450
San

Confidential Legal Mail

**CSP SOLANO**
**STATE PRISON**



$01.51
MAY 22 2008
MAILED FROM ZIP CODE 95687

CALIFORNIA STATE PRISON SOLANO

of the Court
States District Court
ern Dist. For California
Courthouse
Golden Gate Avenue
Francisco, CA.
94102